[Civ. No. 62474. Second Dist., Div. Five. Dec. 21, 1981.]

IMOGENE WEBER, Plaintiff, Cross-defendant and Respondent, v. ARNOLD KESSLER, Defendant, Cross-complainant and Appellant.

1034

COUNSEL

Kessler & Drasin and Gary Kessler for Defendant, Cross-complainant and Appellant.

Barton E. Shapkin for Plaintiff, Cross-defendant and Respondent.

OPINION

**HASTINGS, J.**—This appeal involves an interpretation of the 1978 law governing mandatory judicial arbitration (Code Civ. Proc., §§ 1141.10-1141.32; Cal. Rules of Court, rules 1600-1617). The issue presented is whether it was proper in this case for the court, in a trial de novo following an arbitration proceeding, to adopt the arbitrator's findings as its own findings of fact.

FACTS

In March of 1972, appellant Arnold Kessler and respondent Imogene Weber entered into an oral agreement whereby Weber was to decorate an apartment in Marina del Rey. This dispute concerns the amount of the "markup" that Weber would charge on furnishings purchased for the apartment. Weber claims she told Kessler that her markup would be her "standard" rate, which in some cases turned out to be over 200 percent; Kessler claims he agreed to only a 15 percent markup. This resulted in a disagreement over the amount due (although Kessler was apparently satisfied with the quality of the decorating). Weber submitted invoices totaling $29,837.10. Kessler paid $21,246.75, leaving a difference of $8,590.35.

The stalemate continued until October of 1975, when Weber filed suit to recover the difference between the amount paid and the amount

which she claimed was still due. Approximately one and one-half years later, she sought and was granted leave to file her first amended complaint in order to correct a mathematical error in the balance due. Kessler responded with a cross-complaint for fraud, alleging that Weber misrepresented what her markup would be.

After another two years, the matter was submitted to arbitration. In his memorandum opinion, the arbitrator found that Kessler undoubtedly would not have agreed to pay Weber her "standard" markup if he had known how much it would be. However, despite the fact that he was "an attorney of many years experience," Kessler failed to put anything in writing. Since he did not make a timely objection to Weber's invoices as they were submitted, he was estopped to deny the charges billed, and accordingly was an account stated as to all sums paid without protest ($21,246.75). The remaining $8,590.35 was determined to be the "fair and reasonable value" of her services, since there was no evidence presented, other than Weber's testimony, to show the industry standard for such charges and markups. Weber also prevailed on Kessler's cross-complaint for fraud, since there was nothing in the invoices which misrepresented the cost of the furnishings to her.

Kessler then requested a trial de novo (Code Civ. Proc., § 1141.20). After a two-day trial in June 1980, the court found in favor of Weber. The court's minute order, dated June 27, 1980, the day after trial, adopted the arbitrator's memorandum as its own findings of fact. Kessler contends that this constituted an improper reference to the arbitration during the trial de novo (Cal. Rules of Court, rule 1616(c)), and that the case must be retried, pursuant to Code of Civil Procedure section 1141.25.[1]

## DISCUSSION

The judicial arbitration law was enacted in 1978 to provide an efficient and equitable method for resolving the increasing number of civil claims involving amounts of less than $15,000. In order to encourage the use of arbitration proceedings whenever possible, and to ease any misgivings which litigants may have about submitting their case to arbitration, the law provides that any party who is unhappy with an arbitration award may request a trial de novo. (Code Civ. Proc.,

---

[1]That section provides that any such reference constitutes an irregularity in the proceedings for purposes of Code of Civil Procedure section 657 (grounds for new trial).

§ 1141.20.) To assure the party requesting the trial that he will be able to start with a "clean slate," and to prevent the trier of fact from being unduly influenced by the arbitrator's findings, California Rules of Court, rule 1616(c) requires that the case be tried "as though no arbitration proceedings had occurred"; no reference may be made during the trial to the arbitration award, or even to the fact that the arbitration proceeding took place. The trial de novo provides the losing party with yet another chance to present its case, but that party also assumes a risk by requesting the trial: if the judgment for the party electing the trial de novo is not more favorable, either in the amount of damages awarded or the type of relief sought, than was the arbitration award, that party must reimburse the county for the compensation paid to the arbitrator, as well as paying the opposing party the costs it has incurred as a result of the trial. These costs include, but are not limited to, expert witness and jury fees, depositions, and expenses incurred in executing the judgment. (Code Civ. Proc., § 1141.21.)

These provisions, when read together, appear to conflict: Section 1141.25 and rule 1616(c) prohibit any reference to the arbitration "during trial," and traditionally a trial is not over until the judgment is entered. (4 Witkin, Cal. Procedure (2d ed. 1971) Trial, § 1, p. 2862.) However, in order to comply with section 1141.21 and insure that the costs of the arbitration and trial are borne by the proper party, the court must "refer" to the arbitrator's findings at some point prior to entry of judgment.

In our opinion, both interests may be served if the words "during trial" are interpreted to mean the portion of the proceeding during which the trier of fact hears the evidence and makes its decision based on that evidence. It is imperative in cases such as these that the trier of fact reach its decision independently and without any reference to the arbitrator's findings, and in order for a judgment to be upheld, such independent decision must be clearly shown by the record.

The record in this case presents a rather unusual set of facts. After the evidence and arguments were presented, the court took the case under submission. The next day, it issued its minute order in which it adopted the arbitrator's memorandum as its own findings of fact. Approximately one month later, for reasons unknown to us, the court requested that independent findings be prepared by the attorney for Weber. The findings were prepared, and were objected to by Kessler, but were nonetheless accepted for filing along with the judgment. The

judgment specifically stated that independent findings had *not* been requested, and it adopted the arbitrator's memorandum as the court's findings of fact.

■ One thing is clear, we cannot find from the record in this case that the court made an independent decision in arriving at its judgment that is required in trials de novo. Since the purpose of findings of fact is to aid this court and to disclose the grounds upon which the judgment rests (*Baron* v. *Baron* (1970) 9 Cal.App.3d 933, 937 [88 Cal.Rptr. 404]), the court's hasty adoption of the arbitrator's memorandum in this case suggests to us that it was the arbitrator's findings, and not the court's, which formed the basis for the decision in this case.

The judgment is reversed, and the case is remanded for a new trial.

Stephens, Acting P. J., and Ashby, J., concurred.