[No. B076831. Second Dist., Div. Five. Oct. 4, 1994.]

JULIE JUSTINE MENTZER, Plaintiff and Respondent, v. KRISTINE LOUISE HARDOIN, Defendant and Appellant.

## COUNSEL

Ford, Walker, Haggerty & Behar and Maxine J. Lebowitz for Defendant and Appellant.

Weissman & Associates and I. Donald Weissman for Plaintiff and Respondent.

## OPINION

**TURNER, P. J.—**

## I. INTRODUCTION

In this case, we bring into question a practice followed in some superior courts in Los Angeles County. Some superior courts do not *file* judicial arbitration awards when they are delivered to the court. Instead, some courts date-stamp the awards when received. The awards are then held outside the case file until the time for filing a trial de novo request has expired. Then, and only then, are the awards stamped as filed and placed in the superior court file. This practice is set forth in paragraph 5.10 of the Los Angeles Superior Court Judicial Arbitration Handbook, effective March 31, 1989 (Handbook). This practice conflicts with the requirement imposed by Government Code section 69846.5 that documents be filed the date they are received by the court clerk. In this opinion, we hold that the practice outlined in paragraph 5.10 of the Handbook is invalid, unwise, and unnecessary.

As a result of the confusion created by this questionable practice, the trial court erroneously concluded defendant Kristine Louise Hardoin's trial de novo request was untimely. (Code Civ. Proc.,[1] § 1141.20.) We reverse the

---

[1]All further statutory references are to the Code of Civil Procedure unless otherwise noted.

order striking her trial de novo request and the judgment entered upon the arbitration award.[2]

## II. Procedural History[3]

Plaintiff elected to arbitrate this personal injury action under the judicial arbitration statutes, section 1141.10 et seq. The arbitration hearing was held on September 4, 1992. The arbitrator found in favor of plaintiff, Julie Justine Mentzer, and awarded her $18,000. The award was dated September 4, 1992. It was served on the parties on September 4, 1992. The arbitration award was not file-stamped by the superior court until *October 8, 1992.* However, in addition to the filing stamp, the arbitration award was marked with a *September 8, 1992,* date stamp. There was no evidence how the arbitration award came to bear that September 8, 1992, date stamp. Defendant's request for trial de novo was filed on *October 6, 1992.*[4]

In March 1993, plaintiff filed a motion to strike defendant's request for trial de novo and to enter judgment on the arbitration award. Plaintiff argued the request for trial de novo was untimely because it was filed more than 30 days after the award was *served* on the parties. Defendant filed written

---

[2]We conclude the judgment and orders are appealable. When an arbitration award is filed in the court and there is *no request* for trial de novo and the award is not vacated, a judgment entered upon the award is not subject to appeal. (§ 1141.23.) Section 904.1, subdivision (a)(2) allows appeals from orders made after a judgment if the judgment itself was appealable. Hence, orders made after a judgment described in section 1141.23 would not be appealable. In the present case, however, defendant *did* request trial de novo. Therefore, the judgment did not fall within section 1141.23. The appeal properly lies from the final judgment (§ 904.1, subd. (a)(1)) and the order denying defendant's motion to vacate the judgment. (§ 904.1, subd. (a)(2).) The order striking defendant's request for a trial de novo is reviewable on appeal from the final judgment. (Cf. *Cabrera* v. *Plager* (1987) 195 Cal.App.3d 606, 609-610 [241 Cal.Rptr. 731].) In *Cabrera*, trial de novo was not requested until *after* the judgment had been entered upon the arbitration award; the court held an appeal did not lie from the judgment. However, an appeal could be taken from the order denying a motion to vacate that judgment. (*Ibid.*) In *Lilly* v. *Lilly* (1982) 129 Cal.App.3d 925, 927 [181 Cal.Rptr. 375], Division Four of this court allowed an appeal from orders denying a plaintiff's request for trial after arbitration as untimely. The court did not discuss the appealability of those orders.

[3]We have taken judicial notice of the superior court file in this case. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

[4]Defendant's request for trial de novo was marked "Received" by the superior court filing window at 4:41 p.m. on October 6, 1992. It was filed on October 7, 1992. Under these circumstances, the request for trial de novo is deemed filed on October 6, 1992. (*Tregambo* v. *Comanche M. and M. Co.* (1881) 57 Cal. 501, 506; *A & B Metal Products* v. *MacArthur Properties, Inc.* (1970) 11 Cal.App.3d 642, 647 [89 Cal.Rptr. 873]; see *Usher* v. *Soltz* (1981) 123 Cal.App.3d 692, 697 [176 Cal.Rptr. 746].) This is the rule even if the filing window was not required to be open at 4:41 p.m. (*Edwards* v. *Grand* (1898) 121 Cal. 254, 256-257 [53 P. 796].)

opposition to the motion. Plaintiff argued the opposition was not timely filed and should be disregarded. Defendant did not appear at the hearing on the motion. The trial court granted plaintiff's motion, struck defendant's trial de novo request, and directed the clerk to enter judgment upon the arbitration award. Judgment was entered on April 12, 1993.

Defendant filed a timely motion to vacate the judgment pursuant to California Rules of Court, rule 1615(d) and section 473.[5] Defendant presented evidence the arbitration award had been filed on October 8, 1992, but also bore a September 8, 1992, date stamp. The court treated defendant's motion as one for "reconsideration." The court denied the motion on the grounds the request for trial de novo was not timely filed and there was no basis for reconsideration.

### III. DISCUSSION

The parties to this appeal have limited their arguments to whether the request for trial de novo was timely filed. We likewise limit our discussion.

Plaintiff contends the standard of review on appeal is abuse of discretion. We disagree. The question before this court is whether the trial court properly applied an unambiguous statute to undisputed facts. Our review in such circumstances is de novo. (*Southern California Edison Co.* v. *State Board of Equalization* (1972) 7 Cal.3d 652, 659, fn. 8 [102 Cal.Rptr. 766, 498 P.2d 1014].) ■ When a trial de novo request is timely filed, it is error as a matter of law to strike it or to deny a motion to vacate a judgment entered upon the arbitration award. (*Oats* v. *Oats* (1983) 148 Cal.App.3d 416, 421 [196 Cal.Rptr. 20].)

The time for filing a trial de novo request after judicial arbitration is governed by section 1141.20, subdivision (a) which states: "An arbitration award shall be final unless a request for a de novo trial is filed within 30 days after the date the arbitrator *files* the award with the court." (Italics added.) That statute is specific and unambiguous. It requires no construction. (*Curl* v. *Superior Court* (1990) 51 Cal.3d 1292, 1300 [276 Cal.Rptr. 49, 801 P.2d 292].) Rule 1616(a) is consistent with the statute. The rule provides: "Within 30 days after the arbitration award is *filed* with the clerk of the court, a party may request a trial by filing with the clerk a request for trial, with proof of service of a copy upon all other parties appearing in the case. A request for trial filed after the parties have been served with a copy of the

---

[5]All further references to a rule are to the California Rules of Court. A party against whom a judgment is entered pursuant to a judicial arbitration award may move to vacate it on the grounds set forth in section 473. (Rule 1615(d).)

award by the arbitrator, but before the award has been filed with the clerk, shall be deemed valid and timely filed. The 30-day period within which to request trial may not be extended."[6] (Italics added.)

However, the Handbook, effective March 31, 1989, states in paragraph 5.10: "The award shall be filed with the arbitration clerk or administrator in the district where the case is pending. The arbitrator should be certain that the award is accompanied by a proof of service showing service on all of the parties. [¶] Because of the holding in *Weber* v. *Kessler* [(1981) 126 Cal.App.3d 1033, 1037 (179 Cal.Rptr. 299)] . . . *the award is not stamped as 'Filed' on the date of delivery, but as 'Received.' It is not placed in the court file until the time for filing of request for trial de novo . . . expires. Then, and only then, is it stamped as filed. The 'filing' as aforesaid does not extend the time for filing a request for trial. . . . The award is deemed filed as of the date of delivery of the award to the court.* [¶] If request for trial de novo is filed timely, it is the court practice not to place the award in the court file. The award is retained in the administrator's office." (Italics added.) In *Weber* v. *Kessler* (1981) 126 Cal.App.3d 1033, 1037 [179 Cal.Rptr. 299], the case referred to in paragraph 5.10 of the Handbook, the Court of Appeal reversed a judgment because the trial judge had adopted the arbitrator's findings of fact. The court held it could not find from the record that the trial judge, as trier of fact, had made an independent decision as is required in a trial de novo after judicial arbitration. (*Ibid.*) The Los Angeles Superior Court Judicial Arbitration Committee, which prepared the Handbook, concluded an arbitration award should not be placed in the superior court file when a trial de novo has been requested. This was to ensure that the trier of fact exercised its independent judgment and was not influenced by the arbitration award.[7]

---

[6]Plaintiff contends the time for filing a trial de novo request runs from the date the arbitration award is *served* on the parties. That argument is in direct conflict with the plain and unambiguous language of section 1141.20, subdivision (a), and rule 1616(a). In addition, the case authority on which plaintiff relies is distinguishable. In *Oats* v. *Oats, supra,* 148 Cal.App.3d at page 419, the arbitration award was filed on November 13, 1981, but was not served on the parties until December 4, 1981. The request for a trial de novo was filed on December 21, 1981. (*Ibid.*) Division One of this court held that because "[t]he requirement of notice is so fundamental to concepts of due process that it is deemed jurisdictional in nature[ ] [citations]," the filing of the arbitration award "must be deemed ineffective until such time as service is made." (*Id.* at pp. 420, 421.) In other words, so long as the filing of the arbitration award was unknown to the parties, the time in which to file a trial de novo request did not begin to run. In the present case, the arbitration award was served on September 4, 1992, prior to the date on which it was filed. As a result, no notice problem arose in this case as it did in *Oats.*

[7]The Handbook cites *Weber* in paragraph 5.27, which states: "The trial court cannot look at, refer to, or adopt the arbitrator's award before making its decision [on trial de novo]. But it can look at the award in order to make an award of costs under Section 1141.21. . . ."

The only evidence indicates the procedure outlined in paragraph 5.10 of the Handbook was followed in this case. First, the arbitration award bore a date stamp of September 8, 1992, four days after it was served on the parties. Paragraph 5.10 of the Handbook required the award to be marked " 'Received' " on the date of delivery. It is therefore presumed the court received the arbitration award on September 8, 1992. (*Estate of Crabtree* (1992) 4 Cal.App.4th 1119, 1125 [6 Cal.Rptr.2d 224]; Evid. Code, § 664.) Further, the arbitration award was not file-stamped until October 8, 1992, the 31st day after it was presumably received, when the time for filing a request for trial de novo would have expired. The arbitration award had been marked "TDN 10-7-92" in red ink. That notation was then "whited-out" and replaced with the October 8, 1992, file stamp. In addition, at the hearing on defendant's motion for section 473 relief, the trial court stated: "We don't file [an arbitration award]. It is just logged in with the arbitration clerk."

■ The request for trial de novo was timely filed in this case. The record shows that the earliest "filing" date of the arbitration award was September 8, 1992. Defendant's request for trial de novo was filed on October 6, 1992, 28 days later. Therefore, defendant's trial de novo request was timely. (§ 1141.20, subd. (a).) If we disregard the September 8, 1992, date stamp and consider the filing date to be October 8, 1992, defendant's request for trial de novo was filed two days prior to the arbitration award. Rule 1616(a) states, "A request for trial filed after the parties have been served with a copy of the award by the arbitrator, but before the award has been filed with the clerk, shall be deemed valid and timely filed." Therefore, if the arbitration award was filed on October 8, 1992, the request for trial de novo filed on October 6, 1992, was timely.

The practice set forth in paragraph 5.10 of the Handbook is invalid, unwise, and unnecessary. As noted previously, section 1141.20 provides the arbitration award is final 31 days after "the arbitrator files the award with the court." Rule 1616(a) also provides a party may seek a de novo trial within 30 days after "the arbitration award is filed with the clerk . . . ." Clearly, the date of filing of the award is a critical date in the judicial arbitration process.

---

Paragraph 5.27 of the Handbook is consistent with section 1141.25, which states: "Any reference to the arbitration proceedings or arbitration award during any subsequent trial shall constitute an irregularity in the proceedings of the trial for the purposes of Section 657 [governing motions for new trial]." That rule of law is also reflected in rule 1616(c): "The case shall be tried as though no arbitration proceedings had occurred. No reference may be made during the trial to the arbitration award, to the fact that there had been arbitration proceedings, to the evidence adduced at the arbitration hearing, or to any other aspect of the arbitration proceedings, and none of the foregoing may be used as affirmative evidence, or by way of impeachment, or for any other purpose at the trial."

In superior court, the clerk is required to "endorse on each paper filed with the court the day, month, and year it is filed." (Gov. Code, § 69846.5; see Judicial Council com., 37 West's Ann. Gov. Code (1976 ed.) § 69846.5, p. 215.) ■ Presentation of the document, in this case an arbitrator's award, to a deputy clerk constitutes the act of filing. (Cf. *United Farm Workers of America* v. *Agricultural Labor Relations Bd.* (1985) 37 Cal.3d 912, 918 [210 Cal.Rptr. 453, 694 P.2d 138] [mandate petition]; *Rapp* v. *Golden Eagle Ins. Co.* (1994) 24 Cal.App.4th 1167, 1172 [30 Cal.Rptr.2d 126] [notice of appeal].) Once filed, Government Code section 69846.5 requires that date be placed on the award. The practice outlined in paragraph 5.10 of the Handbook delays for 30 days the filing of the award and requires endorsement of an inaccurate date on the document when it is "filed." That practice is inconsistent with the requirements imposed by Government Code section 69846.5.

Moreover, the Handbook was prepared to "assist in furthering arbitrations . . . ." The statements contained therein "are not intended to have the force of law." The practice and rule set forth in the Handbook as to the "filing" of arbitration awards is not contained in any statute or court rule. A local court rule or practice which is inconsistent with a statute enacted by the Legislature is invalid. (Gov. Code, § 68070; *Shipp* v. *Superior Court* (1992) 5 Cal.App.4th 147, 151 [6 Cal.Rptr.2d 685]; *St. Vincent Medical Center* v. *Superior Court* (1984) 160 Cal.App.3d 1030, 1034 [206 Cal.Rptr. 840].) Therefore, the clerk should file stamp the award as of the date it is received.

In addition, the failure to file the arbitration award in the superior court upon its receipt will inevitably lead to the very confusion created by the record in this case. In order for a party to protect its right to request a trial de novo after judicial arbitration, it must be clear from the superior court record that the arbitration award was filed on a date certain. Because the document in this case was merely date-stamped when it was received, confusion arose over the date the arbitration award was "filed" for purposes of the 30-day rule.

Finally, the court's holding in *Weber* v. *Kessler, supra,* 126 Cal.App.3d at page 1037, should not be interpreted as requiring that the arbitration award not be filed and placed in the superior court file until the time in which to file a request for trial de novo has expired. *Weber* did not address that issue. Filing the arbitration award and placing it in the superior court file will not prevent a trier of fact from exercising its independent judgment upon a trial de novo. A jury can easily be insulated from any knowledge of a prior arbitration award. A superior court judge sitting as trier of fact can be

expected to disregard the existence of a prior arbitration award as required by law.

## IV. DISPOSITION

The order striking defendant Kristine Louise Hardoin's request for a trial de novo after judicial arbitration is reversed. The judgment entered upon the arbitration award is reversed. The court is directed to restore this case to the civil active list with priority status. Defendant, Kristine Louise Hardoin, is to recover her costs on appeal from plaintiff, Julie Justine Mentzer.

Armstrong, J., and Godoy Perez, J., concurred.