Opinion
 

 PUGLIA, P. J.
 

 Petitioner (defendant) seeks a writ of prohibition restraining respondent superior court from conducting any further proceedings involving selection of a jury in defendant’s pending trial.
 

 Defendant is charged with two counts of second degree murder (Pen. Code, §§ 187, subd. (a), 189) and two counts of gross vehicular manslaughter while intoxicated (Pen. Code, § 191.5, subd. (a)). Respondent court filed
 
 *757
 
 an order directing “that the jury in [this] case will be selected in accordance with Court Ops Memo #75, and the names and personal identification information of the prospective jurors will remain confidential.” Thereafter, defendant timely filed this petition for writ of prohibition. We stayed implementation of Court Ops Memo No. 75 pending receipt of opposition and further order of this court. The People filed a response asserting the petition should be granted and respondent court filed opposition to the petition. We advised the parties that we are considering a peremptory writ in the first instance. We shall issue a peremptory writ of prohibition.
 

 In promulgating Court Ops Memo No. 75, respondent superior court purports to extend sealing of juror identifying information throughout all civil and criminal proceedings, in effect adopting a procedure ensuring anonymity of jurors absent granting of a petition for access to personal juror identifying information.
 
 [1]
 

 Subdivision (a)(2) of Code of Civil Procedure section 237 was amended in 1995 to read: “Upon the recording of a jury’s verdict in a criminal jury
 
 *758
 
 proceeding, the court’s record of personal juror identifying information of trial jurors, as defined in Section 194, consisting of names, addresses, and telephone numbers, shall be sealed until further order of the court as provided by this section.” Subdivision (f) of Code of Civil Procedure section 206 provides: “Pursuant to Section 237, a defendant or defendant’s counsel may, following the recording of a jury’s verdict in a criminal proceeding, petition the court for access to personal juror identifying information within the court’s records necessary for the defendant to communicate with jurors for the purpose of developing a motion for new trial or any other lawful purpose. This information consists of jurors’ names, addresses, and telephone numbers. The court shall consider all requests for personal juror identifying information pursuant to Section 237.” Subdivisions (b), (c) and (d) of Code of Civil Procedure section 237 set forth the procedure for seeking access to personal juror identifying information sealed after return of jury verdict. The statute does not authorize sealing of juror identifying information at any stage of a civil action or at any stage of a criminal action prior to return of jury verdict.
 

 In amending Code of Civil Procedure section 237 to limit access to juror identifying information only after return of jury verdict in a criminal case, the Legislature addressed the subject of confidentiality of juror identifying information, determining that such information shall be sealed only upon return of jury verdict in a criminal action.
 
 [2]
 

 As a local court rule or practice, Court Ops Memo No. 75 is invalid if inconsistent with statute.
 
 [3]
 

 (Kalivas
 
 v.
 
 Barry Controls Corp.
 
 (1996) 49 Cal.App.4th 1152, 1158 [57 Cal.Rptr.2d 200], citing
 
 Mentzer
 
 v.
 
 Hardoin
 
 
 *759
 
 (1994) 28 Cal.App.4th 1365, 1372 [34 Cal.Rptr.2d 214];
 
 Wells Fargo Bank
 
 v.
 
 Superior Court
 
 (1988) 206 Cal.App.3d 918, 923 [254 Cal.Rptr. 68];
 
 Iverson
 
 v.
 
 Superior Court
 
 (1985) 167 Cal.App.3d 544, 548 [213 Cal.Rptr. 399];
 
 St. Vincent Medical Center
 
 v.
 
 Superior Court
 
 (1984) 160 Cal.App.3d 1030, 1034 [206 Cal.Rptr. 840]; Gov. Code, § 68070.) By mandating the sealing of juror identifying information in civil actions and in criminal proceedings prior to return of jury verdict, Court Ops Memo No. 75 directly conflicts with the statute mandating the sealing of juror identifying information only in criminal actions after return of jury verdict. Hence, Court Ops Memo No. 75 is invalid and unenforceable. This conclusion obviates the need to consider other issues tendered by defendant.
 

 Having complied with the procedural requirements delineated in
 
 Palma
 
 v.
 
 U.S. Industrial Fasteners, Inc.
 
 (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893], we are authorized to issue a preemptory writ in the first instance. “Although ‘[t]he writ to be issued does not exactly conform to the prayer of the petition; . . . this court is not limited by the prayer, and may grant the relief it deems appropriate.’ [Citations.]”
 
 (George M.
 
 v.
 
 Superior Court
 
 (1988) 201 Cal.App.3d 755, 760 [247 Cal.Rptr. 330].)
 

 Let a peremptory writ of prohibition issue restraining respondent superior court from implementing or otherwise giving effect to Court Ops Memo No. 75. Upon finality of this decision, the previously issued stay is vacated.
 

 Sims, J., and Scotland, J., concurred.
 

 [1]
 

 In pertinent part, Court Ops Memo No. 75 reads:
 

 “Code of Civil Procedure section 206.237 was amended in 1995 (SB 508) requiring the court to seal
 
 all
 
 record of personal juror identifying information at the conclusion of a criminal jury proceeding. It is the policy and procedure of the Placer County Superior and Municipal Courts to follow the same procedure for both criminal and civil jury trials.
 

 “Procedure
 

 “1. Jury Services prepares two random lists for each department. One random for the judge and one for the clerk.
 

 “2. Roll call is taken by the clerk, no attorneys or parties present and off the record. The prospective jurors oath is administered to the prospective jury panel prior to hardship screening and completion of juror questionnaire.
 

 “3. Clerk/judge - initial hardships on the record (in some departments), outside of the presence of attorneys and parties.
 

 “4. Remaining jurors are given a juror number badge to wear,
 
 see sample attached. . . .
 
 Clerk records that number on the random list next to the appropriate name. Jurors will be known by this number for the remainder of the trial.
 

 “5. Questionnaires are completed, juror uses the assigned number instead of name at the top of the questionnaire. Using the random list, the clerk fills the jury box by calling the assigned numbers as recorded on the random list. . . . The juror questionnaire forms will not be signed by prospective jurors.
 

 “6............................
 

 “7. If a petition for access to juror personal identifying information is received, the court shall give all potentially affected jurors at least 15 days notice of the hearing date and an opportunity to oppose the unsealing of juror personal identifying information.” (Emphasis in original text.)
 

 We are mystified by respondent court’s comment: “Ct. Ops. Memo #75 does not mandate juror anonymity ... but merely controls some of the procedures and paper trail with respect to the court’s jury selection system.” The procedure adopted by respondent court unequivocally bars parties, counsel and others from access to juror identifying information, absent granting of a petition for access to that information.
 

 [2]
 

 Contrary to respondent court’s claims, requiring anonymous juries in a civil and criminal trials is not “complimentary [¿ic] to the mandate of C.C.P. § 237(b) [sic].” The impetus for the amendment to Code of Civil Procedure section 237 was concern for the protection of jurors in criminal trials from postverdict harassment: “The purpose with respect to this bill is to protect jurors from dangerous, threatening, or harassing investigations.” (Assem. Com. on Public Safety, 3d reading analysis of Sen. Bill No. 508 (1995-1996 Reg. Sess.) June 6, 1995, p. 3.) Similarly, “[t]he [bill’s] sponsor[, the Attorney General,] states that this bill is necessary because there have been incidents when a defendant has received information about the jurors and has harassed or threatened them, by mail, from prison.”
 
 (Ibid.)
 

 [3]
 

 We note that respondent court does not purport to have complied with the requisites for promulgation of a local rule. (See Gov. Code, § 68070; Cal. Rules of Court, rule 981;
 
 Simmons
 
 v.
 
 City of Pasadena
 
 (1995) 40 Cal.App.4th Supp. 1, 5 [47 Cal.Rptr.2d 102].) Respondent court states Court Ops Memo No. 75 is not a local rule, but merely an “internal management tool” because it directs conduct of the court and does not “affect the substantive rights of the parties nor mandate any procedures which the parties or attorneys must follow.” However, the procedure adopted by respondent court bars parties, counsel and others from access to juror identifying information. Moreover, the Placer County Local Rules are replete with rules directing the conduct of the court and its staff (see, e.g., Cal. Rules of Court, rule 981(b); Placer County Local Rules, rules 10.9, 10.12, 20.1.8(E), 20.1.13, 40.4(B)(2).)