[No. B104077. Second Dist., Div. Four. Aug. 6, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
LIONEL PHILLIPS, Defendant and Appellant.

**COUNSEL**

John L. Dodd, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Linda C. Johnson and Lance E. Winters, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**EPSTEIN, J.**—Lionel Phillips appeals from his conviction for possession of a controlled substance in violation of Health and Safety Code section 11350, subdivision (a). His sole contention on appeal is that the trial court erred in

denying him access to the names of the prospective jurors during voir dire. While we agree this was error, we find no prejudice and affirm the judgment.

## Factual and Procedural Summary

Appellant was charged by information with one count of possession of cocaine, with allegations of three prior drug-related convictions. Jury trial commenced on June 10, 1996. In accordance with what the trial judge referred to as the policy of the Los Angeles Superior Court in applying Code of Civil Procedure section 237,[1] the trial court kept the names of all prospective jurors confidential, referring to them during voir dire only by number. During the voir dire procedure, appellant's counsel objected to this procedure, claiming it was a violation of appellant's right to due process, and to a public trial. His motion for mistrial on this ground was denied.

The jury convicted appellant of possession of cocaine; the trial court found two of the priors to be true. He appeals from the judgment of conviction.

## Discussion

Trial in this case began on June 10, 1996. The court's decision to keep the identities of the prospective jurors confidential, even from trial counsel, was based on its understanding of section 237, as amended in 1995, effective January 1, 1996 (Stats. 1995, ch. 964, § 3), and a court policy. The record does not reflect any court rule, policy memorandum, or other document that supports the trial court's interpretation. That interpretation, especially as it applied to withholding the names of prospective jurors from trial counsel, was error.

Section 237, subdivision (a)(1) provides: "The names of qualified jurors drawn from the qualified juror list for the superior court shall be made available to the public upon request unless the court determines that a compelling interest, as defined in subdivision (b), requires that this information should be kept confidential or its use limited in whole or in part." Subdivision (b) explains: "A compelling interest includes, but is not limited to, protecting jurors from threats or danger of physical harm." The court in this case made no determination that there was a compelling interest which required identifying information of qualified jurors be kept confidential. In

---

[1] All statutory references are to this code unless otherwise stated.

the absence of that determination, it was improper for the court to keep this information from the public, or the parties.

The court is authorized, under section 237, subdivision (a)(2), to seal juror identifying information "[u]pon the recording of a jury's verdict in a criminal jury proceeding, . . ." This postverdict provision cannot be used to justify the court's action during voir dire. (See *Erickson* v. *Superior Court* (1997) 55 Cal.App.4th 755, 758 [64 Cal.Rptr.2d 230].)

The court's error does not require reversal in this case. Appellant argues he "was unable to adequately explore the possible biases of the jurors which would have been apparent had counsel known their names." Counsel had substantial information about the prospective jurors. They knew where the prospective jurors lived, their occupations, their families, and their prior jury experience. The prospective jurors were asked whether they knew any of the witnesses, parties, or counsel involved in the case. There were no affirmative answers. They were asked whether they had any legal training, whether any of their friends or relatives are judges or attorneys, or are involved in law enforcement, or had been victims of a crime, or charged with or convicted of a crime. Appellant's counsel was in a position to present other questions and areas of inquiry to the court for inclusion in its voir dire of prospective jurors. There is no indication in the record that any question or area of inquiry was presented to the trial court and not pursued.

Appellant was able to evaluate the answers of the prospective jurors before exercising his peremptory challenges. We fail to see what more the prospective jurors' names would have added to these fundamental questions. The names might have revealed the prospective jurors' ethnicities, but that information is an impermissible basis for the use of peremptory challenges (see *People* v. *Wheeler* (1978) 22 Cal.3d 258 [148 Cal.Rptr. 890, 583 P.2d 748]), so its absence cannot be considered prejudicial.

Appellant could have sought disclosure, after trial, of the names of the qualified jurors, pursuant to section 237, subdivision (b), and based on the information derived, it is conceivable, although unlikely, that some argument concerning prejudice could have been developed. Although this course was suggested by the trial court, appellant did not pursue it.

On this record, we conclude that the court's error was harmless beyond a reasonable doubt. (*Chapman* v. *California* (1967) 386 U.S. 18, 24 [87 S.Ct. 824, 828, 17 L.Ed.2d 705, 24 A.L.R.3d 1065].)

## DISPOSITION

The judgment is affirmed.

Vogel (C. S.), P. J., and Hastings, J., concurred.

A petition for a rehearing was denied September 3, 1997, and appellant's petition for review by the Supreme Court was denied November 19, 1997.