**Kerry L. FRUGOLI, Petitioner–Appellant,**

v.

**S. HUBBARD, Respondent–Appellee.**

No. 02–17466.

United States Court of Appeals, Ninth Circuit.

Submitted July 14, 2004.*

Decided July 26, 2004.

Kerry L. Frugoli, Ione, CA, pro se.

Peter A. Furst, Furst & Pendergast LLP, San Francisco, CA, for Petitioner–Appellant.

Lisa H. Ashley Ott, Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: FERNANDEZ, PAEZ, and CLIFTON, Circuit Judges.

MEMORANDUM**

Kerry L. Frugoli, a State of California prisoner, appeals the district court's denial of his habeas corpus petition, which challenged his conviction for battery with great bodily injury. *See* 28 U.S.C. § 2254. We affirm.

Frugoli's sole claim before us is that when the state trial court allowed the jurors to sign requests that their personal juror identifying information be conditionally sealed, he was denied the fair trial guaranteed by the Sixth Amendment to the United States Constitution.

We see no great significance to the argument over whether the California courts

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

precisely followed the requirements of California law when they allowed the signing of the forms.[1] The important issue is whether there was a violation of the United States Constitution that resulted in error[2] of a magnitude sufficient to require issuance of the writ. Here, even assuming that there was error of constitutional magnitude, it is apparent that the error was harmless.[3] The evidence against Frugoli was overwhelming, and there is simply no reason to believe that the jury's determination was affected by the claimed form-signing error. If there was any error at all, it did not have " 'substantial and injurious effect or influence in determining the jury's verdict.' " *Brecht*, 507 U.S. at 637—38, 113 S.Ct. at 1721—22 (citation omitted); *Morales v. Woodford*, 336 F.3d 1136, 1148 (9th Cir.2003); *Ghent v. Woodford*, 279 F.3d 1121, 1126—27 (9th Cir.2002).

AFFIRMED.

1. As a matter of fact, issues of state law are not generally reviewable in federal habeas corpus proceedings. *See Estelle v. McGuire*, 502 U.S. 62, 67—68, 112 S.Ct. 475, 479—80, 116 L.Ed.2d 385 (1991). But, even if they were, we are very dubious about the proposition that on the evidence available in this case, California Civil Procedure Code § 237 prohibited the obtaining of the signatures of the jurors at the time they were obtained. *Compare People v. Goodwin*, 59 Cal.App.4th 1084, 1089—91, 69 Cal.Rptr.2d 576, 578—80 (1997), *with Erickson v. Superior Court*, 55 Cal.App.4th 755, 757—59, 64 Cal.Rptr.2d 230, 232—33 (1997).

2. The issue of whether there was error at all would be one concerned with whether the signing of the request forms gave Frugoli an aura of dangerousness to some extent. Surely, more direct indications of dangerousness—such as, armed guards in the courtroom, prison attire, shackles, or refusal to

give any juror information to counsel at any time—might have that effect. *See Holbrook v. Flynn*, 475 U.S. 560, 567—72, 106 S.Ct. 1340, 1345—47, 89 L.Ed.2d 525 (1986); *United States v. Shryock*, 342 F.3d 948, 970—73 (9th Cir.2003); *Rhoden v. Rowland*, 172 F.3d 633, 636—37 (9th Cir.1999). Nothing quite that problematic appears here. But, as the text indicates, we need not decide whether on the record before us the signing might have slipped over the border dividing the undesirable from the unconstitutional.

3. We are, of course, dealing with trial-type error. *See Brecht v. Abrahamson*, 507 U.S. 619, 629—30, 113 S.Ct. 1710, 1717, 123 L.Ed.2d 353 (1993); *Castillo v. Stainer*, 983 F.2d 145, 148 (9th Cir.1992); *cf. Roe v. Flores–Ortega*, 528 U.S. 470, 483—84, 120 S.Ct. 1029, 1038, 145 L.Ed.2d 985 (2000); *Calderon v. Coleman*, 525 U.S. 141, 145—46, 119 S.Ct. 500, 503, 142 L.Ed.2d 521 (1998).