[No. B007512. Second Dist., Div. Seven. Oct. 12, 1984.]

ST. VINCENT MEDICAL CENTER, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
FLORENCE HESS et al., Real Parties in Interest.

**1032**

COUNSEL

Kathryn S. M. Mosely, Rushfeldt, Shelley & McCurdy, Martin Stein and Greines, Martin, Stein & Richland for Petitioner.

No appearance for Respondent.

Russell S. Kussman and Gage & Mazursky for Real Parties in Interest.

OPINION

THE COURT.*—Petitioner challenges an order of the respondent court enforcing a provision in a trial setting conference order (TSCO) shortening the time limits prescribed by section 2037, subdivision (a) of the Code of Civil Procedure.[1] On October 3, 1984, we announced our intention to issue an order for peremptory writ in the first instance, gave the real parties in interest leave to file and serve additional opposition to the petition, and stayed all proceedings in this matter pending further order of this court. (*Palma* v. *U. S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893]; Code Civ. Proc., § 923.)

Preliminarily, we note the prerogative writ is not a favored method of review of discovery orders, and ordinarily the issue must be raised on direct appeal from a final judgment. (*Pacific Tel. & Tel. Co.* v. *Superior Court* (1970) 2 Cal.3d 161, 169 [84 Cal.Rptr. 718, 465 P.2d 854].) The reason for this general policy is that "in the great majority of cases the delay due to interim review of discovery orders is likely to result in greater harm to the judicial process by reason of protracted delay than is the enforcement of a possibly improper discovery order." (*Sav-On Drugs, Inc.* v. *Superior Court* (1975) 15 Cal.3d 1, 5 [123 Cal.Rptr. 283, 538 P.2d 739].)

We depart from the general rule in the case at bench, however, since, as will appear, it presents a question of first impression which affects a large number of litigants and attorneys.

We recite herein only those facts necessary for our holding. On July 5, 1984, a trial setting conference was held on real parties' medical malprac-

---

*Before Thompson, Acting P. J., Johnson, J., and Smerling, J.†

[1] All further statutory references are to the Code of Civil Procedure.

†Assigned by the Chairperson of the Judicial Council.

tice action against petitioner and other defendants, and trial was set for October 9, 1984. Following the conference the court issued a form TSCO apparently widely used in Los Angeles Superior Court and which contains the following provision: "3. Not later than 5 days after this Trial Setting Conference Order, any party may serve on any other party a demand to exchange lists of expert (including rebuttal) witnesses. Within 15 days thereafter the demanding and responding parties shall exchange written lists containing the elements outlined in CCP 2037.3. If no such demand is served, said right is deemed waived." The TSCO was served by the court clerk by mail on July 10, 1984, and received by petitioner's counsel the following day. On July 24, 1984, petitioner served upon real parties its demand to exchange witness lists, in compliance with the time limits contained in section 2037, subdivision (a),[2] but untimely as to the shorter service period contained in the TSCO. Real parties did not comply with the demand, but filed objections on grounds it was not served within the time limits in the TSCO. Petitioner responded with a motion to preclude real parties from calling experts or alternatively to compel them to designate and produce experts for deposition pursuant to section 2037, subdivision (a). The court denied petitioner's motion on the basis of the shorter service period in the TSCO, leading to the filing of the instant petition for writ of mandate.

■ We have concluded the minimum time periods provided in section 2037, subdivision (a) for service of a demand to exchange lists of expert witnesses permit no deviation and hence the five-day service period in the TSCO is invalid and petitioner is entitled to relief.

Sections 2037 through 2037.9 prescribe the procedure for discovery of expert witnesses, specifically providing the requisite times, dates, and conditions therefor. Section 2037, subdivision (a) concerning demands for exchange of expert witness lists expressly empowers the court to extend the time of service, but not to shorten the time limits. By contrast, the immediately following section 2037.1 concerning the date of exchange of lists of expert witnesses[3] does provide for an earlier exchange in certain situations.

We cannot presume the Legislature has indulged in meaningless acts in enacting a statute providing a comprehensive procedure for the exchange of

---

[2]Section 2037, subdivision (a) provides in relevant part: "Not later than the 10th day after a trial date is selected or 70 days prior to the date set for the commencement of trial, whichever is later, any party may serve on any party a demand to exchange lists of expert witnesses. The demand may also include a request to exchange each identified expert witness's reports and writings, as provided by Section 2037.3. Thereafter, the court may upon motion and a showing of good cause, permit any party to serve the demand upon any other party."

[3]Section 2037.1 provides in relevant part: "In courts where the trial date is set less than 90 days after the trial setting conference, good cause exists for an earlier exchange of lists and documents pursuant to this article."

lists of expert witnesses and including therein specific time limitations. Accordingly, we view the time limits in section 2037, subdivision (a) as permitting no deviation, and hence the shorter time limits in the TSCO must be held void and unenforceable.[4] (See *Conae* v. *Conae* (1952) 109 Cal.App.2d 696, 697-698 [241 P.2d 266]; see also *Albermont Petroleum, Ltd.* v. *Cunningham* (1960) 186 Cal.App.2d 84, 93-94 [9 Cal.Rptr. 405].) We therefore conclude the respondent court erred in denying petitioner's motion to preclude real parties in interest from calling experts or alternatively to compel them to designate and produce experts for deposition. ■ We further conclude this is an appropriate case in which to issue a peremptory writ in the first instance requiring the respondent court to vacate said order and to enter a new order granting relief to petitioner. (§ 1088.)

Accordingly, IT IS ORDERED as follows:

(1) Let a peremptory writ of mandate issue, requiring the respondent court to vacate its order of August 28, 1984, denying petitioner's motion to preclude real parties in interest from calling experts or alternatively to compel real parties to designate and produce experts for deposition, and to enter a new and different order setting a trial date and compelling real parties to designate and produce experts for deposition within the time limits therefor provided in section 2037, subdivision (a).

(2) The stay order issued herein October 3, 1984, shall remain in effect pending receipt by this court of a copy of the respondent court's minute order showing compliance with this order. (§ 923.)

---

[4]We note the TSCO is also inconsistent with rule 361 of the Los Angeles Superior Court's "Manual of Policy for the Conduct of Proceedings Relating to Discovery Matters," which provides "Code of Civil Procedure Sections 2037-2037.8 establish the procedure for discovery of expert witnesses . . . ."