[No. A043383. First Dist., Div. Two. Dec. 20, 1988.]

WELLS FARGO BANK, N.A., Petitioner, v.
THE SUPERIOR COURT OF SAN FRANCISCO COUNTY,
Respondent;
WILLIAM G. SWIGERT, JR., et al., Real Parties in Interest.

**COUNSEL**

Jerome B. Falk, Jr., Martha K. Cunningham, George B. Shepherd and Howard, Rice, Nemerovski, Canady, Robertson & Falk for Petitioner.

No appearance for Respondent.

Reuben, Quint & Valkevich, James A. Reuben, Joel Yodowitz and Susan E. Weber for Real Parties in Interest.

**OPINION**

**BENSON, J.—** ▮ We are asked to determine whether the trial court may refuse to hear a summary judgment motion filed within the time limits of Code of Civil Procedure section 437c.[1] We determine it may not and find the local rule relied on by the trial court, as applied in this instance, is invalid since it conflicts with state law.

Petitioner Wells Fargo Bank, N.A., seeks a peremptory writ of mandate ordering the trial court to vacate its ruling ordering off calendar its motion for summary judgment/summary adjudication of issues. Petitioner asks us to order the trial court to hear and determine the motion prior to trial of the action. We stayed the trial and requested opposition.

A trial setting conference was held on May 23, 1988; jury trial was set for September 19, 1988. On July 22, 1988, petitioner filed and personally served its motion for summary judgment setting a hearing date of August 19, 1988.

---

[1] All statutory references are to the Code of Civil Procedure.

Subdivision (a) of section 437c provides in pertinent part: "Notice of the motion and supporting papers shall be served on all other parties to the action at least 28 days before the time appointed for hearing. . . . The motion shall be heard no later than 30 days before the date of trial, unless the court for good cause orders otherwise." This filing complied with the timing requirements of section 437c in that the motion was filed and served 58 days prior to the trial date (28 day notice plus hearing on the motion 30 days before trial).

On August 19, 1988, at the hearing on the motion, the court ordered the motion off calendar on the grounds the motion was "extensive" or "complicated" within the meaning of rule 16(d)(1) of the Manual for the Conduct of Proceedings Relating to Law and Motion Matters of the San Francisco Superior Court. Rule 16(d)(1) provides: "Hearings on extensive and complicated motions must be specially set with the Law and Motion Department. Mindful of the time limits of Code of Civil Procedure section 437c, summary judgment hearing dates on such motions shall be obtained from the Law and Motion Department prior to the trial setting conference. Counsel should stipulate to a briefing schedule, and, shall provide at least ten days between the filing of the final papers and the hearing date in order to provide the Court adequate time to review the papers in advance of the hearing. The principal factors in determining whether a motion should be deemed extensive and/or complicated are the aggregate length of the papers which it is anticipated will be submitted in support of and in opposition to the motion (approximately 100 pages or more), the length of any other documents in the record which will require review to evaluate the motion, and the novelty and difficulty of the legal issues which are presented by the motion. Failure to comply with this section will result in the motion being ordered off-calendar."

Petitioner has filed with this court a declaration of counsel stating that a research attorney assigned to the law and motion department of the court informed counsel that a motion subject to rule 16(d), if filed in August 1988, would be scheduled for February 1989, and the same motion filed in May of 1988, would have been scheduled approximately six months from the filing date. Plaintiffs/real parties in interest do not contest this information. Indeed, the backlog was confirmed by the law and motion judge at the August 19th hearing.

Petitioner asserts that rule 16(d) as applied in this instance is contrary to the provision of section 437c which allows a motion for summary judgment to be filed 58 days before trial and requires the court to hear the motion 30 days prior to trial or, for good cause, at a later date before the trial date. Petitioner contends that section 437c does not give the court the option to refuse to hear the motion altogether. Petitioner points out that absent

intervention by this court its motion, which it believes to be meritorious, will never be heard and the matter will proceed to a three-week jury trial; a result petitioner claims to be a profligate consumption of both judicial resources and the resources of the parties and the citizen jurors.

Petitioner explains the difficulties facing litigants who wish to bring summary judgment motions in the San Francisco Superior Court while the present six-month backlog of such motions exists. In petitioner's view, in many cases discovery is not completed in time to bring a summary judgment motion six months before trial. Petitioner cites subdivision (h) of section 437c which requires the court to continue or deny the motion should the opposing party show that controverting evidence may exist which cannot then be presented. Petitioner sees the problem exacerbated by the uncertainty surrounding the application of rule 16(d). The rule does not define an "extensive" or "complicated" motion by reference to the papers filed solely by the moving party. The rule requires examination of both the moving and opposing papers. Thus, it is argued, a moving party cannot file a straightforward and reasonably brief summary judgment motion with any confidence that it will escape having its motion placed off calendar under rule 16(d) because of lengthy declarations and exhibits filed by the opposing party.

Real parties in interest counter that petitioner, with full knowledge of rule 16(d), waited until that last moment to bring a lengthy, detailed and factually complex summary judgment motion. They note the litigation was over two years old at the time the motion was filed. They see no conflict between the provisions of section 437c and rule 16(d). As they read section 437c, it does not guarantee an absolute right to a hearing on a summary judgment motion. They conclude that nothing in rule 16(d) automatically deprives a hearing to a party moving for summary judgment. They rely on sections 575.1 and 575.2[2] which empower superior courts to adopt local rules and to impose penalties upon litigants who fail to comply with them.

---

[2] Section 575.1 reads in part: "The presiding judge of each superior court may prepare with the assistance of appropriate committees of the court, proposed local rules designed to expedite and facilitate the business of the court. The rules need not be limited to those actions on the civil active list, but may provide for the supervision and judicial management of actions from the date they are filed. . . . Rules adopted pursuant to this section shall not be inconsistent with law or with the rules adopted and prescribed by the Judicial Council."

Section 575.2, subdivision (a) reads: "Local rules promulgated pursuant to Section 575.1 may provide that if any counsel, a party represented by counsel, or a party if in pro se, fails to comply with any of the requirements thereof, the court on motion of a party or on its own motion may strike out all or any part of any pleading of that party, or, dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party, or impose other penalties of a lesser nature as otherwise provided by law, and may order that party or his or her counsel to pay to the moving party the reasonable expenses in making the motion, including reasonable attorney fees."

Real parties in interest assert that petitioner's argument concerning the backlog in the law and motion department, its conjecture as to manipulative tactics supposedly undertaken by parties opposing the motions and the possibility of depriving a moving party of adequate discovery do not create a conflict between section 437c and rule 16(d). They define the issue presented as whether the superior court has the authority to enforce compliance with its rules by ordering a motion off its calendar.

Real parties further argue that section 437c, subdivision (a) imposes a minimum notice requirement when it states "[n]otice of the motion and supporting papers shall be served on all other parties to the action at *least* 28 days before time appointed for hearing." (Italics added.) They assert that since 28 days is the minimum notice required, superior courts have the power to increase the notice period under section 575.1. Since they read section 437c as providing merely a minimum notice requirement, they attempt to distinguish two cases relied on by petitioner: *Iverson* v. *Superior Court* (1985) 167 Cal.App.3d 544, 547-548 [213 Cal.Rptr. 399] (local rule requiring opposition to motion to be filed at earlier date than required by statute held invalid); and *St. Vincent Medical Center* v. *Superior Court* (1984) 160 Cal.App.3d 1030, 1033-1034 [206 Cal.Rptr. 840] (time period for exchanging expert witness lists imposed by court order which is shorter than the time period imposed by statute held invalid). Real parties take the position that local notice requirements which are greater than those imposed by procedural statutes are not contrary or incompatible with such statutes.

We disagree with this position. Real parties concede that rule 16(d) in practice, although not in its language, requires an increased notice period. Section 437c does not categorize summary judgment motions depending on their difficulty and assign different timing requirements to more difficult motions. We read section 437c to allow a party to give more than 28 days' notice of its summary judgment motion but to also provide that notice of no more that 28 days is sufficient notice under the statute. Rule 16(d) as applied in this proceeding impermissibly conflicts with section 437c which allows 28 days' notice.

The number of days notice and the number of days prior to trial that a motion must be heard have been in flux over the years. In 1978, the Legislature amended section to 437c to provide for 10 days' notice of motion and required that a motion must be heard 45 days before the trial dates unless, the court for good cause, ordered otherwise. (Stats. 1978, ch. 949, § 2, p. 2930.) A 1983 amendment to the section increased the notice period to its present 28 days but decreased the time for hearing from 45 days prior to trial to 30 days prior to trial. (Stats. 1983, ch. 490, § 1.)

It is the six-month backlog in the San Francisco Superior Court Law and Motion Department that makes rule 16(d) in its application inconsistent with section 437c. Rule 16(d), as presently applied, requires a moving party to file a motion for summary judgment six months prior to the date of trial. Section 437c requires that the motion be filed only 58 days prior to the date set for trial. Government Code section 68070 provides "Every court may make rules . . . not inconsistent with law . . . ." We conclude that, as applied, the timing requirements of rule 16(d) which require a party filing a complex summary judgment motion to file the motion six months before the date set for trial is void and unenforceable because it is inconsistent with section 437c. (*Mann* v. *Cracchiolo* (1985) 38 Cal.3d 18, 29 [210 Cal.Rptr. 762, 694 P.2d 1134].)

We realize the burden our decision will place upon the law and motion judge who will now have to deal with the backlog of motions scheduled over the next six months as well as new motions scheduled in accordance with section 437c. The superior court's remedy, however, is with the Legislature for yet another change in the timing requirements of section 437c.

We further conclude this is an appropriate case in which to issue a peremptory writ in the first instance. We have reached our conclusion after full briefing by the parties and after advising real parties in interest that we might act by a peremptory writ in the first instance. (*Palma* v. *U. S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-180 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a peremptory writ of mandate issue directing respondent court to vacate its order filed September 2, 1988, and to issue a new and different order setting a hearing on the motion prior to the trial date.

The stay heretofore imposed shall be dissolved upon finality of this opinion.

Kline, P. J., and Smith, J., concurred.