[No. A044603. First Dist., Div. Four. Jan. 26, 1989.]

SENTRY INSURANCE COMPANY et al., Petitioners, v.
THE SUPERIOR COURT OF CONTRA COSTA COUNTY,
Respondent;
JUAN C. GARCIA et al., Real Parties in Interest.

**COUNSEL**

Francis X. Doherty, Susan E. Hayes and Thornton, Taylor & Downs for Petitioners.

No appearance for Respondent.

Chipman Miles for Real Party in Interest.

**OPINION**

**CHANNELL, J.**—Respondent court has refused to hear petitioner's timely motion for summary judgment. We issue our writ directing respondent court to continue the trial date and to hear the motion.

Section 437c, subdivision (a) of the Code of Civil Procedure provides: "Any party may move for summary judgment in any action or proceeding if it is contended that the action has no merit or that there is no defense thereto. The motion may be made at any time after 60 days have elapsed since the general appearance in the action or proceeding of each party against whom the motion is directed or at such earlier time after the general appearance as the court, with or without notice and upon good cause shown, may direct. Notice of the motion and supporting papers shall be served on all other parties to the action at least 28 days before the time appointed for hearing. . . . The motion shall be heard no later than 30 days before the date of trial, unless the court for good cause orders otherwise. . . ."

The date set for trial of the instant case was January 17, 1989. Thus, the above time limits required that a motion for summary judgment be heard no later than December 16, 1988, and notice of that date be served by November 18, 1988. In their verified petition, petitioners' attorney states that on November 1, 1988, petitioners attempted to file a motion for summary judgment. Petitioners were advised that the first date the motion could be heard was December 22, 1988, and that a court order would be necessary to have the motion calendared sooner. On or about November 3, 1988, petitioners sought an order shortening time which was denied. Petitioners then filed a motion for reconsideration which was also denied.[1] Petitioners state in the verified petition that the presiding judge of respondent court suggested that petitioners move to continue the trial date in

---

[1] In the motion for reconsideration, petitioners' counsel stated that she had a different summary judgment motion on calendar in Department 10 on December 6, 1988, in a case that had no trial date set. Counsel offered to continue that summary judgment motion in order to free up the December 6 hearing date for the motion in this case. The motion for reconsideration was denied on the ground that petitioners' motion had to be heard in Department 15, rather than Department 10, and there were no hearing dates available in that department until February 1989.

order to have their summary judgment heard. On December 8, 1988, the motion to continue the trial date was denied.

■ A trial court may not refuse to hear a summary judgment motion filed within the time limits of section 437c. (*Wells Fargo Bank* v. *Superior Court* (1989) 206 Cal.App.3d 918 [254 Cal.Rptr. 68].) Local rules and practices may not be applied so as to prevent the filing and hearing of such a motion. (*Ibid.*)

■ Real parties in their opposition to this petition urge this court to interpret Code of Civil Procedure section 437c to require that a motion for summary judgment must be filed within 58 days prior to the *initial* trial date. Under this interpretation, petitioners would have had to file their motion for summary judgment by May 14, 1988, since the trial was originally set for July 11, 1988. They point out that such an interpretation would be consistent with discovery rules which require discovery to be filed 30 days prior to the date *initially* set for trial. (Code Civ. Proc., § 2024.) The fact that the Legislature wrote the discovery time limits expressly with reference to an initial trial date indicates that the Legislature's omission to do so in setting the time limits for summary judgment motions was deliberate. The interpretation urged by real parties would be contrary to this intent. It would also be inconsistent with the principle that a party is not limited to one motion for summary judgment. (See *De La Pena* v. *Wolfe* (1986) 177 Cal.App.3d 481, 485 [223 Cal.Rptr. 325].)

■ Real parties urge this court to deny the petition as untimely. They first suggest that Code of Civil Procedure section 437c, subdivision (*l* ) applies to this petition. That provision of section 437c provides that "[u]pon entry of any order pursuant to this section except the entry of summary judgment, a party may, within 10 days after service upon him or her of a written notice of entry of the order, or within such further time not exceeding 20 days as the trial court may for good cause allow, petition an appropriate reviewing court for a peremptory writ." We do not interpret respondent court's refusal to shorten time for hearing the motion or refusal to continue the trial date as an order pursuant to section 437c. Even if we did, there has been no service of a written notice of entry to start the time running. (Cf. *Magee* v. *Superior Court* (1973) 34 Cal.App.3d 201, 211, fn. 3 [109 Cal.Rptr. 758], disapproved on another point in *People* v. *Norris* (1985) 40 Cal.3d 51, 56 [219 Cal.Rptr. 7, 706 P.2d 1141].)

Where there is no statutory time governing the filing of a petition for extraordinary relief, this court is guided by the principle of laches. (*People* v. *Superior Court* (*Clements*) (1988) 200 Cal.App.3d 491, 496 [246 Cal.Rptr. 122].) "Laches requires an unreasonable delay in filing the

petition plus prejudice to real party." (*Peterson* v. *Superior Court* (1982) 31 Cal.3d 147, 163 [181 Cal.Rptr. 784, 642 P.2d 1305].) The instant petition was filed 56 days after respondent court denied the ex parte application to shorten time but only 22 days after the denial of the motion to continue the trial date. We do not consider the delay unreasonable given petitioners attempt to secure a solution from respondent court.

We are sympathetic to the problems the trial courts experience in calendaring and hearing the many motions for summary judgment. However, the solution to these problems cannot rest in a refusal to hear timely motions.

We have complied with the procedural requirements for issuance of a peremptory writ in the first instance. (See *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893].) Let a writ of mandate issue directing respondent superior court to file and hear petitioners' motion for summary judgment and to continue the trial date until such time as the motion has been determined.

Poché, Acting P. J., and Perley, J., concurred.