Filed 5/31/13 City of El Centro v. Superior Court CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| CITY OF EL CENTRO et al., | D063750 |
| Petitioners, | |
| v. | (Imperial County Super. Ct. No. ECU06689) |
| THE SUPERIOR COURT OF IMPERIAL COUNTY, | |
| Respondent; | |
| ANA HICKS, | |
| Real Party in Interest. | |

PROCEEDINGS in mandate after superior court denied summary judgment.

Diane B. Altamirano, Judge. Petition granted.

FACTUAL AND PROCEDURAL BACKGROUND

Ana Hicks filed a civil suit against El Centro Police Officer John Tang (officer),

the City of El Centro (city), and others. In her first amended complaint, she asserted only

one cause of action—false arrest—against the officer and city (together, city defendants). Hicks alleged her husband had been stabbed while emptying the trash outside their bar, she went to his side to help and comfort him, but she was prevented from staying with her husband by the officer, who arrested her for public intoxication.

The city defendants moved for summary judgment. The court heard and denied the motion on February 19, 2013. In a written order filed on March 28, the court denied the motion under Code of Civil Procedure[1] § 437c, subdivision (f)(1), explaining it had "no jurisdiction over the subject matter" and adding "[t]here is no statutory authority for this type of motion."[2]

In this petition, the city defendants contend the denial was improper, and ask us to direct the trial court to hear the motion on its merits. We requested an informal response to the petition and issued *Palma* notice. (*Palma v. U.S. Industrial Fasteners*, *Inc.* (1984) 36 Cal.3d 171, 178.)

## DISCUSSION

As a court of record with general civil and criminal jurisdiction (2 Witkin, Cal. Proc. (5th ed. 2008) Courts, § 208, p. 293), the superior court presiding over this tort action has jurisdiction over the subject matter of the motion. The Code of Civil Procedure specifically authorizes the court to entertain a motion for summary judgment brought by "[a]ny party ... if it is contended that the action has no merit" (§ 437c, subd.

---

[1] All references are to the Code of Civil Procedure unless otherwise specified.

[2] Although Hicks filed opposition to the summary judgment motion, she did not raise lack of jurisdiction or statutory authority in her papers.

2

(a)), and provides "[a] cause of action has no merit if . . . [a] defendant establishes an affirmative defense to that cause of action." (§ 437c, subd. (o)(2).) Section 437c, subdivision (c), requires the court to "consider all of the evidence [not subject to objection] . . . and all [uncontradicted] inferences reasonably deducible from the evidence," and to grant the motion "if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." If the court grants the motion based on the absence of triable issues of fact or denies the motion based on the existence of triable issues, it must specify the reasons for its determination and specifically refer to the evidence. (§ 437c, subd. (g).) The court may not refuse to hear a summary judgment motion filed within statutory time limits. (*Sentry Ins. Co. v. Superior Court* (1989) 207 Cal.App.3d 526.)

Hicks pleaded a single cause of action for false arrest against the city defendants. The city defendants countered by affirmative defense that the officer acted with probable cause—i.e., he had reasonable cause to detain and arrest Hicks (11th affirmative defense), he had reasonable and probable cause to either detain or arrest Hicks (14th affirmative defense), and he had a reasonable belief in the existence of probable cause (15th affirmative defense)—and the city was immune from liability under Government Code section 815.2, subdivision (b), because the officer was immune (12th affirmative defense). The city defendants expressly brought their motion "pursuant to ... [section] 437c on the grounds there are no triable issues of material fact with respect to the 11th, 12th[,] 14th and 15th Affirmative Defenses . . . , entitling . . . defendants to judgment in

3

their favor." Absent any indication here that the motion was outside the timeframe of section 437c or otherwise defective, the court had a duty to rule on it.

Hicks has not offered any substantive argument in support of the ruling. Her objection to counsel's summary of the proceedings below, including announcement of the intended ruling, is not relevant because we have—and exclusively rely on—the court's written order. Hicks's contention that extraordinary writ relief is not appropriate to resolve procedural issues on summary judgment is not well-taken. (See, for example, *McMahon v. Superior Court* (2003) 106 Cal.App.4th 112; *St. Mary Medical Center v. Superior Court* (1996) 50 Cal.App.4th 1531; *Sentry Ins. Co. v. Superior Court*, *supra*, 207 Cal.App.3d at p. 526.) We also reject Hicks's suggestion that we deny the petition based on the existence of triable issues of fact on probable cause, and the possibility that the error can be corrected on appeal or additional facts at trial will moot the issue. "Because [a summary judgment motion] is potentially case dispositive and usually requires considerable time and effort to prepare, [it] is perhaps the most important pretrial motion in a civil case." (*McMahon v. Superior Court*, *supra*, at pp. 117-118.) The city defendants have a right to have their motion heard.

Because the city defendants' entitlement to relief is clear, the law is well-settled, and the matter requires accelerated review, we conclude a peremptory writ in the first instance is proper. (Code of Civ. Proc., § 1088; *Alexander v. Superior Court* (1993) 5 Cal.4th 1218, 1222-1223, disapproved on another ground in *Hassan v. Mercy American River Hospital* (2003) 31 Cal.4th 709, 724, fn. 4; *Ng v. Superior Court* (1992) 4 Cal.4th 29, 35.)

4

DISPOSITION

Let a writ of mandate issue directing the superior court to vacate its March 28, 2013 order and to set the matter for hearing on the merits. The city defendants are entitled to costs in the writ proceeding. (Cal. Rules of Court, rule 8.493(a)(1)(A).) This opinion is made final immediately as to this court. (Cal. Rules of Court, rule 8.490(b)(3).)

IRION, J.

WE CONCUR:

McDONALD, J.

HUFFMAN, Acting P. J.

5