Filed 8/18/20  Aframian v. Superior Court CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT
DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| HOUSHANG AFRAMIAN et al., Petitioners, v. THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent; OVERLAND DIRECT, INC., Real Party in Interest. | D077736 (San Diego County Super. Ct. No. 37-2013-00078078-CU-BT-CTL) |


ORIGINAL PROCEEDING in mandate.  Joel R. Wohlfeil, Judge. Petition granted.

Epport, Richman & Robbins, LLP, Stephen C. Huskey, and Christopher R. Nelson, for petitioners.

No appearance for respondent.

Blanchard, Krasner & French and John F. Whittemore for real party in interest.

Houshang, Maria, and Amir Aframian petition for a writ of mandate to compel the superior court to calendar their timely motion for summary judgment for a hearing.  We grant the petition.

BACKGROUND

The Aframians are defendants in one of several consolidated actions pending in the superior court that were commenced by Overland Direct, Inc. (Overland), to recover real property it alleges the Aframians and others obtained by a fraudulent scheme.  Trial was initially set for March 20, 2020, but had to be continued due to the COVID-19 pandemic.  At a hearing on June 22, the superior court set trial for October 23 and took all motions off calendar based on the motion cutoff date that had been set for the original trial date.

On July 6, another defendant in the underlying actions applied ex parte to recalendar the motion for summary judgment that it had filed earlier and that the court had taken off calendar at the June 22 hearing.  The court granted the application and reset the hearing and also advised the parties they could seek leave to file new motions on a showing of good cause.  On July 8, the Aframians applied ex parte for leave to file a motion for summary judgment and have it heard before trial.  Finding the Aframians had not been so diligent as the other defendant who was given a hearing date, the superior court denied the application.  The Aframians nevertheless filed the motion and personally served it on Overland on July 10 with a tentative hearing date of September 23.

2

Two weeks later the Aframians petitioned this court for a writ of mandate directing the superior court to vacate its order denying their application and to schedule a hearing on their summary judgment motion. We notified the parties we were considering issuing a peremptory writ in the first instance and obtained a response from Overland. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178-180.)

DISCUSSION

A party may move for summary judgment by serving the motion "at least 75 days before the time appointed for hearing," and the "motion shall be heard no later than 30 days before the date of trial, unless the court for good cause orders otherwise." (Code Civ. Proc., § 437c, subds. (a)(2), (3).) "[T]he 30-day time limit on summary judgment hearings should be calculated based on the trial date in existence when the motion is noticed regardless of whether that date is the original trial date or not." (*Green v. Bristol Myers Co* (1988) 206 Cal.App.3d 604, 609.)

The applicable trial date here is October 23, 2020. Unless the superior court for good cause orders otherwise any motion for summary judgment must be heard by September 23, the date tentatively calendared by the Aframians. With that hearing date and with personal service, the motion had to be served by July 10, the date they personally served their motion on Overland. The Aframians therefore satisfied the time requirements of Code of Civil Procedures section 437c, albeit with no time to spare.

"A trial court may not refuse to hear a summary judgment filed within the time limits of [Code of Civil Procedure] section 437c. [Citation.] Local rules and practices may not be applied so as to prevent the filing and hearing of such a motion." (*Sentry Ins. Co. v. Superior Court* (1989) 207 Cal.App.3d 526, 529 (*Sentry*); accord, *First State Inc. Co. v. Superior Court* (2000) 79

3

Cal.App.4th 324, 330; *Wells Fargo Bank v. Superior Court* (1988) 206 Cal.App.3d 918, 923.)  The superior court therefore erred by refusing to calendar the Aframians' motion for a hearing.

To correct the error, a peremptory writ in the first instance is appropriate.  There are no material facts in dispute, the applicable law is settled, the Aframians are clearly entitled to relief, the impending trial date requires prompt resolution, and no useful purpose would be served by plenary consideration of the issue.  (Code Civ. Proc., § 1088; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1240-1241.)

DISPOSITION

Let a writ issue commanding respondent, immediately upon receipt of the writ, to vacate its July 9, 2020 order refusing to calendar petitioners' motion for summary judgment for hearing and to enter a new order setting the motion for hearing on September 23, 2020, or as soon thereafter as the motion may be heard, but no later than the date set for trial.  The parties are to bear their own costs of this writ proceeding.  (Cal. Rules of Court, rule 8.493(a)(1)(B).)

                                                           BENKE, Acting P. J.

WE CONCUR:


HUFFMAN, J.


AARON, J.

5