Filed 12/30/22

CERTIFIED FOR PUBLICATION
COURT OF APPEAL, FOURTH APPELLATE DISTRICT
DIVISION ONE
STATE OF CALIFORNIA

|  |  |
|---|---|
| GEOFF COLE et al., | D081299 |
| Petitioners, | |
| v. | (San Diego County Super. Ct. No. 37-2019-00001928-CU-BC-CTL) |
| THE SUPERIOR COURT OF SAN DIEGO COUNTY, | |
| Respondent; | |
| MATT ZEINER et al., | |
| Real Parties in Interest. | |

ORIGINAL PROCEEDING in mandate.  Richard S. Whitney, Judge.
Petition granted.

Vincent Paul Sorrentino, Attorney for Petitioners.

Roger S. Bonakdar, Attorney for Real Party in Interest, Matt Zeiner.

Petitioners Geoff Cole and Admiral's Experience, Inc. seek a writ of
mandate to compel the trial court to calendar their timely motion for
summary judgment for a hearing before the start of trial.  We notified the
parties we were considering issuing a peremptory writ in the first instance
(*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178–180), and
have read and considered the informal response and request for judicial

notice from real party in interest Matt Zeiner (Zeiner). Petitioners have also field a reply brief, which Zeiner has requested to strike. We grant the request for judicial notice, deny Zeiner's request to strike the reply brief, and conclude that petitioners are entitled to peremptory writ relief. We also publish our decision to provide guidance on the deadline for filing a summary judgment motion that is served electronically.

BACKGROUND

In 2018, a dispute arose between petitioners and Zeiner after a trailer petitioners rented from Zeiner was destroyed. In January 2019, Zeiner initiated the underlying lawsuit against petitioners seeking to recover for the loss of the trailer.

Petitioners electronically filed and served a motion for summary judgment on October 5, 2022. On October 5, 2022, petitioners' counsel contacted the trial court to reserve a hearing date for the motion, and the earliest date available was January 27, 2023, which counsel reserved. Since trial in the matter was already set for January 20, 2023, the summary judgment motion would not take place until after trial had already begun.

On November 9, 2022, petitioners filed an ex parte application to specially set a hearing date for the motion for summary judgment, or in the alternative, to continue trial and expert discovery dates until after the motion for summary judgment could be heard. On November 22, 2022, the court denied petitioners' ex parte request, stating that no earlier dates were available to hear the motion. The court commented, "This is a 2019 case and the moving party waited until right before scheduled trial . . . to schedule a Motion for Summary Judgment." Petitioners filed a motion for reconsideration and again requested a trial continuance to allow the motion

2

for summary judgment to be heard before the start of trial, which was also denied.

Petitioners now pray for a writ of mandate directing the trial court to continue trial until after the motion for summary judgment can be heard. Petitioners contend that, despite any calendaring issues in the trial court, a hearing for their timely motion for summary judgment must be set before the start of trial. Zeiner contends that petitioners purposefully delayed filing the motion for summary judgment to avoid going to trial, and the trial court was therefore within its discretion to deny petitioners' requests to continue the trial date.

DISCUSSION

Code of Civil Procedure section 437c, subdivision (a)[1] provides: "A party may move for summary judgment in an action or proceeding if it is contended that the action has no merit or that there is no defense to the action or proceeding. The motion may be made at any time after 60 days have elapsed since the general appearance in the action or proceeding of each party against whom the motion is directed or at any earlier time after the general appearance that the court, with or without notice and upon good cause shown, may direct . . . [n]otice of the motion and supporting papers shall be served on all other parties to the action at least 75 days before the time appointed for hearing . . . The motion shall be heard no later than 30 days before the date of trial, unless the court for good cause orders otherwise."

Petitioners contend that under section 437c, their motion for summary judgment was due October 7, 2022, which was 105 days before the start of

---

[1]    All further undesignated statutory references are to the Code of Civil Procedure.

3

trial. However, section 437c extends the 75-day noticing period required for motions for summary judgment based on the method of service. For instance, if the notice is served by mail, the time is extended by 10 days for service in the United States or 20 days for service outside the country. (*Id.* at subd. (a)(2).) Additionally, section 437c, subdivision (a)(2) provides that "[i]f the notice is served by facsimile transmission, express mail, or another method of delivery providing for overnight delivery, the required 75-day period of notice shall be increased by two court days." (*Ibid.*)

Here, trial was set to begin on January 20, 2023, and petitioners served the notice for the motion for summary judgment electronically on October 5, 2022. Section 437c does not expressly reference any extension of the notice period for electronic service. However, section 1010.6, which sets forth the rules for electronic service generally, provides that: "If a document may be served by mail, express mail, overnight delivery, or facsimile transmission, electronic service of that document is deemed complete at the time of the electronic transmission of the document or at the time that the electronic notification of service of the document is sent." (*Id.* at subd. (a)(3).) The statute further provides that "[a]ny period of notice . . . which time period or date is prescribed by statute or rule of court, shall be extended after service by electronic means by two court days." (*Id.* at subd. (a)(3)(B).) The statute lists three exceptions to this general rule, but the list does not include motions for summary judgment. (*Ibid.*) The statute also provides that "[t]his extension applies in the absence of a specific exception provided any other statute or rule of court." (*Id.* at subd. (a)(3)(C).)

Petitioners are therefore incorrect that their motion for summary judgment was due by October 7, since this calculation does not account for the two-day extension of the noticing period that applies to motions for

4

summary judgment that are served electronically.  Nevertheless, applying section 1010.6's two-day extension to section 437c, petitioners were required to serve their motion for summary judgment, at the latest, 107 days before trial.  Accordingly, their motion filed on October 5 was timely, but with no time to spare.

Numerous courts of appeal have held that a trial court cannot refuse to consider a motion for summary judgment that is timely filed.  "A trial court may not refuse to hear a summary judgment filed within the time limits of [Code of Civil Procedure] section 437c.  [Citation.]  Local rules and practices may not be applied so as to prevent the filing and hearing of such a motion." (*Sentry Ins. Co. v. Superior Court* (1989) 207 Cal.App.3d 526, 529 (*Sentry*); accord, *First State Inc. Co. v. Superior Court* (2000) 79 Cal.App.4th 324, 330 [invalidating case management order to the extent it precluded filing motions pursuant to section 437c]; *Wells Fargo Bank v. Superior Court* (1988) 206 Cal.App.3d 918, 923 [local court rule that "require a party filing a complex summary judgment motion to file the motion six months before the date set for trial is void and unenforceable because it is inconsistent with section 437c"].)  As the *Sentry* court explained:  "We are sympathetic to the problems the trial courts experience in calendaring and hearing the many motions for summary judgment.  However, the solution to these problems cannot rest in a refusal to hear timely motions." (*Sentry, supra,* at p. 530.)

Because petitioners' motion for summary judgment was filed within the time limits set by section 437c, they have a right to have their motion heard before the start of trial.  Zeiner asserts that petitioners purposefully delayed filing the motion for summary judgment and then delayed asking for ex parte relief so that they could avoid going to trial.  But the fact remains that the motion was timely filed, and calendaring issues are not a basis on which the

5

trial court can refuse to hear a timely filed summary judgment motion, absent an indication that it was defective under section 437c. (*Sentry*, *supra*, 207 Cal.App.3d at p. 530.) We also reject Zeiner's suggestion that we should deny writ relief because petitioners' motion for summary judgment will ultimately be unsuccessful. "Because [a summary judgment motion] is potentially case dispositive and usually requires considerable time and effort to prepare, [it] is perhaps the most important pretrial motion in a civil case." (*MacMahon v. Superior Court* (2003) 106 Cal.App.4th 112, 117–118.) Lastly, Zeiner's contention that petitioners waived this issue in the trial court lacks support in the record, as petitioners' first ex parte request to specially set a hearing date for the motion for summary judgment specifically alerted the trial court that the motion was timely filed under section 437c, and that the motion needed to be heard before the trial start date.

The trial court therefore erred by refusing to set a hearing for the motion for summary judgment before the start of trial. To correct the error, a peremptory writ in the first instance is appropriate. There are no material facts in dispute, the applicable law is settled, petitioners are clearly entitled to relief, the impending trial date requires prompt resolution, and no useful purpose would be served by plenary consideration of the issue. (§ 1088; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1240–1241.)

DISPOSITION

Let a writ issue commanding the trial court, immediately upon receipt of the writ, to vacate the portion of its orders refusing to calendar petitioners' motion for summary judgment for a hearing before the start of trial, and to

6

enter a new order setting the motion for a hearing no later than the trial start date.  The parties are to bear their own costs of this writ proceeding.  (Cal. Rules of Court, rule 8.493(a)(1)(B).)


                                                        BUCHANAN, J.

WE CONCUR:


    HUFFMAN, Acting P. J.


        AARON, J.